UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY MCINTOSH AND
JULIE MCINTOSH

CIVIL ACTION

VERSUS

PENTAIR WATER GROUP, INC.

NO. 22-00223-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant Pentair Water Group, Inc.'s[1] **Rule 12(b)(6) Motion to Dismiss (Doc. 2)**. The Motion is opposed. (Doc. 9). For written reasons herein, Defendant's Motion will be granted.

## I.    ALLEGED FACTS

This products liability and personal injury action alleges manufacturing defect, design defect, failure to warn, breach of express warranty, redhibition, and negligence. Defendant is a pool filter manufacturer. (*See* Doc. 1-1 ¶ 3). On or about March 19, 2021, Plaintiff Henry McIntosh, who specializes in custom pool installations and maintenance, was replacing a cartridge pool filter manufactured by Defendant at a home in Baton Rouge, Louisiana. (*See* Doc. 1-1 ¶ 2). After replacing the pool filter and tightening the filter lid, Henry reactivated the pool pump. (*See* Doc. 1-1 ¶ 4). "Suddenly and without warning," the cartridge pool filter encasing exploded, causing the filter lid to strike Henry in the face. (*See id.*) Henry was knocked unconscious and sustained a brain jury. (*See id.*)

---

[1] In its Motion, Defendant states that its correct name is Pentair Water Pool and Spa, Inc.

## II.    PROCEDURAL BACKGROUND

On March 8, 2022, Henry McIntosh and his wife, Julie McIntosh, ("Plaintiffs") filed their Petition for Damages in the 19th Judicial District Court of the State of Louisiana, alleging manufacturing defect, design defect, failure to warn, and breach of express warranty under the Louisiana Products Liability Act (LPLA), La. R.S. 9:2800.51, *et seq.*; redhibition; and negligence. (*See* Doc. 1-1 ¶ 10). On April 5, 2022, Defendant removed Plaintiffs' action to this Court based on diversity jurisdiction. (*See* Doc. 1 at p. 3). Now, Defendant moves to dismiss Plaintiffs' claims for design defect, failure to warn, breach of contract, redhibition, and negligence *only*, arguing, *inter alia*, that Plaintiffs failed to sufficiently plead them. (Doc. 3). Plaintiffs have no objection to the dismissal of their redhibition claim,[2] but otherwise oppose Defendant's Motion. (Doc. 9).

## III.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] "Plaintiffs acknowledge they were not the owner of the product in question, as such, they have no objection to a dismissal of their claims brought under Louisiana Redhibition law." (*See* Doc. 9 at p. 5).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). However, "[c]ourts should ordinarily grant a plaintiff at least one opportunity to amend before dismissing a complaint with prejudice for failure to state a claim." *Williams v. United Parcel Servs., Inc.*, No. CV 17-483-SDD-RLB, 2018 WL 1189687 *4 (M.D. La. Mar. 7, 2018) (*citing Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)).

## IV.    DISCUSSION

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. The Act provides that "the manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. R.S. 9:2800.54. "Thus, to maintain a successful claim under the LPLA, a claimant must establish four elements: (1) that

3

the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." *Williams*, 2018 WL 1189687 *2 (*citing Ayo v. Triplex, Inc.*, 457 F. App'x 382, 385–86 (5th Cir. 2012)). A product is unreasonably dangerous *if and only if* it is unreasonably dangerous: 1) in its construction or composition; 2) in its design; 3) because an adequate warning was not provided; or 4) because it does not conform to an express warranty of the manufacturer about the product. *See* La. R.S. 9:2800.54. (emphasis added).

### A.   Plaintiffs' Insufficiently Pled their Design Defect, Failure to Warn, and Breach of Express Warranty Claims

Defendant argues that Plaintiffs' Petition fails to adequately plead their design defect, failure to warn, and breach of express warranty claims. (*See* Doc. 3-2 at p. 4). In response, Plaintiffs contend that Defendant "confuses the *evidentiary burden* under the LPLA...with the *pleading standard* for LPLA claims at the motion to dismiss, pre-discovery stage of litigation." (*See* Doc. 9 at p. 3). After reviewing Plaintiffs' Petition and the applicable law, the Court agrees with Defendant.

To state a claim for design defect, Plaintiffs must allege "that 'at the time the product left the manufacturer's control[,] [t]here existed an alternative design for the product that was capable of preventing the claimant's damage' and that the danger and gravity of that damage outweighed any adverse effects on the utility of the product and the burden on the manufacturer of adopting the alternative design."

4

*Flagg v. Stryker Corporation*, 647 Fed. App'x 314, 317 (5th Cir. 2016) (*citing* La. R.S. 9:2800.56). Here, Plaintiffs' Petition is devoid of any mention of an alternative design for the pool filter. Accordingly, their design defect claim must be dismissed.

Plaintiffs argue that in *Flagg v. Stryker Corporation*, the U.S. Court of Appeals for the Fifth Circuit held that "the proper standard to apply is simply whether the plaintiffs' allegations provide sufficient information to 'raise a reasonable expectation that discovery will reveal evidence' to support the manufacturing-defendant's liability under the LPLA." 647 Fed. App'x at 317. While this is true, Flagg provided more guidance than Plaintiffs do here, including suggestions about an alternative design for the product at issue. *See id.* And even then, the Fifth Circuit concluded that Flagg's facts merely "cross[ed] the threshold" of what is required under Rule 12(b)(6). *Id.* at 318. Thus, absent facts regarding an alternative design for Defendant's pool filter, Plaintiff's argument that they meet the Fifth Circuit's standard in *Flagg* is unavailing.

Similarly, Plaintiffs failed to allege sufficient facts regarding their failure to warn and breach of express warranty claims. As a result, these claims must also be dismissed.

## B. The LPLA Disallows Negligence Claims

Under the LPLA, "a claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth" in the statute. La. R.S. 9:2800.52. Plaintiffs, however, "assert that within manufacturing and/or design defects and inadequate warnings are inherent acts of negligence," and

that "by asserting these claims under the LPLA, [they] are entitled to conduct discovery on the issue of negligence within the confines of the LPA." (*See* Doc. 9 at p. 5). But as Defendants point out, Plaintiffs fail to cite case law to support their position. (*See* Doc. 10 at p. 4). Moreover, courts have held the exact *opposite* of Plaintiff's position:

> While the statutory ways of establishing that a product is unreasonably dangerous are predicated on principles of strict liability, negligence, or warranty, respectively, *neither negligence*, strict liability, nor breach of express warranty *is any longer viable as an independent theory of recovery against a manufacturer.*

*Scianneaux v. St. Jude Med. S.C., Inc.*, 961 F. Supp. 2d 808, 811 (E.D. La. 2013) (*citing Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F. Supp. 241 (E.D. La. 1996), aff'd, 106 F.3d 1245 (5th Cir. 1997)) (emphasis added). Consequently, Plaintiffs' general negligence claim must be dismissed with prejudice.

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Rule 12(b)(6) Motion to Dismiss (Doc. 2)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' redhibition and general negligence claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' LPLA claims for design defect, breach of express warranty, and failure to warn are **DISMISSED WITHOUT PREJUDICE.** Plaintiffs are granted a period of 21 days from the entry of this order to amend the Petition as to these claims *only*. If Plaintiffs fail to timely and

6

sufficiently amend, their LPLA claims for design defect, breach of express warranty,

and failure to warn will be dismissed *with prejudice*, leaving only their manufacturing

defect claim.

Baton Rouge, Louisiana, this 27th day of March, 2023

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

7